UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK ADAM MCCLAIN,

      Petitioner,                      Case No. 20-12725

v.                                         Stephanie Dawkins Davis
                                         U.S. District Judge

MICHAEL J. MAIN,

      Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On September 23, 2020, petitioner Mack Adam McClain filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. Petitioner challenged the conditions of his confinement in the Isabella County Jail (ICJ), in Mt. Pleasant, Michigan. As further explained below, because Petitioner is no longer held at that facility, his petition is moot and will be dismissed.

### BACKGROUND

Petitioner raises four issues in his petition. The first three involve the Isabella County Jail's response to the Covid-19 pandemic. Petitioner asserts that the jail is not following the protocols established by the Centers for Disease Control and Prevention or the Michigan Department of Corrections to prevent the spread of the virus, that it is acting with deliberate indifference, and is failing to enforce facemask and other personal protective equipment policies. Petitioner also

argues that the jail has interfered with his right to access the courts. For relief, Petitioner seeks immediate release from the jail's "dangerous conditions." (ECF No. 1, PageID.7).

Petitioner was confined at the Isabella County Jail at the time he filed his habeas petition. (ECF No. 1, PageID.1). However, as Petitioner has informed the Court in another case before it,[1] he is no longer confined at the ICJ. (*See* 4:20-cv-12420, ECF No. 4, PageID.43).

## DISCUSSION

A.  Legal Standards

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *Taylor v. Palmer*, 623 Fed. Appx. 783, 786 n.3 (6th Cir. 2015) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). The courts are also authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits attached to it that the petitioner is not entitled to federal

---

[1] A court may take judicial notice of its own records. *Graminex, L.L.C. v. Aktiebolaget Cernelle*, 451 F. Supp. 3d 732, 738 (E.D. Mich. 2020) (citing Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977)).

habeas relief. *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254. A district court has the duty to screen out any habeas corpus petition that lacks merit on its face. *Allen v. Perini*, 424 F.3d 134, 141 (6th Cir. 1970).

An individual held in government detention may pursue civil rights claims that challenge policy decisions "concerning the conditions of confinement" and may pursue injunctive relief to redress those conditions. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862 (2017). Whether such relief may be obtained through a habeas petition is a question that has been "left open[.]" *Id*. Generally, challenges to conditions of confinement "fall outside" habeas corpus relief. *Hodges v. Bell*, 170 Fed. Appx. 389, 392 (6th Cir. 2006) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). However, when habeas petitioners "challenge the fact or extent of their confinement by seeking release from custody[,]" such "claims are properly brought under [28 U.S.C.] § 2241." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

Regardless of the nature of a federal litigant's claims, a case or controversy must exist. *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011) (citing U.S. Const. art. III, § 2, cl. 1). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Id*. Federal courts have "no authority to give

opinions upon moot questions. . ." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted).  As a result, courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing *Southwest Williamson County Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001)).

    B.    <u>Analysis</u>

As noted above, Petitioner was confined in the Isabella County Jail when he filed his habeas petition (ECF No. 1, PageID.1), but is no longer there.  (*See* 4:20-cv-12420, ECF No. 4, PageID.43).  Because mootness raises a jurisdictional question, courts lose jurisdiction "to consider any case or issue that has 'lost its character as a present, live controversy . . .'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citation omitted).  "[I]t is not enough that a dispute was alive when [the] habeas corpus petition was filed in the district court.  [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. United States Dept. of Justice*, 256 Fed. Appx. 748, 750 (6th Cir. 2007).

Petitioner's habeas claim, seeking release from the Isabella County Jail because of its failure to protect him from the Covid-19 pandemic, was properly brought under section 2241.  *Wilson*, 961 F.3d at 837; *see also Awshana v.*

4

*Adducci*, 453 F. Supp. 3d 1045, 1047 (E.D. Mich. 2020). However, the Sixth Circuit has consistently found that release from a corrections facility or transfer to a different one renders requests for injunctive relief against the prior facility moot. *Coleman v. Bowerman*, 474 Fed. Appx. 435, 438 (6th Cir. 2012); *Cardinal v. Metrish*, 564 F.3d 794, 799 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Because Petitioner is no longer at the Isabella County Jail, his petition is moot and must be dismissed.

## CONCLUSION AND ORDER

For the reasons stated above, the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

Because jurists of reason would not find debatable the Court's determination that Petitioner's claim for habeas relief was moot, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**IT IS SO ORDERED**.

Dated: December 8, 2020         s/Stephanie Dawkins Davis
                                Stephanie Dawkins Davis
                                United States District Judge